IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HEATHER GILLILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-952-SMD |
| | ) | |
| SANICO CLANTON, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss (Doc. 7), Defendants' Motion to Convert Defendants' Motion to Dismiss into Motion for Summary Judgment (Doc. 17), and Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment (Doc. 20). For the reasons below, Defendants' Motion to Convert (Doc.17) is granted and Plaintiff's Motion to Deny (Doc. 20) is granted.

### II. BACKGROUND

On November 8, 2018, Plaintiff filed a Complaint (Doc. 1) against Defendants alleging three counts of retaliation and discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and two counts of retaliation and discrimination under 42 U.S.C. § 1981. *Id.* at 1. Plaintiff's claims arise from events that occurred while Plaintiff was employed as a garment folder at Defendant Sanico Clanton, LLC's ("Sanico") facility. *Id.* at 6. Plaintiff alleges Defendants, in aggregate, constitute a

single "employer" under the "integrated enterprise" test and, hence, are subject to Title VII. *See Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999). On December 6, 2018, Defendants filed a Motion to Dismiss (Doc. 7) Plaintiff's Complaint pursuant to Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims because Defendants are three separate entities—not an integrated enterprise—and the one company Plaintiff worked for, Sanico, does not meet the statutory definition of "employer" under Title VII. *Id.* at 5-11; *see also* Fed. R. Civ. P. 12(b)(1); 42 U.S.C. § 2000e(b).

On January 2, 2019, Plaintiff filed a Brief in Opposition (Doc. 16) to Defendants' Motion to Dismiss, arguing that Defendants' Motion is improperly brought under Rule 12(b)(1) because "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." (Doc. 16) at 5 (quoting *Arbaugh v. Y&H Corp.*, 456 U.S. 500, 516 (2006). On January 9, 2019, Defendants filed a Motion to Convert (Doc. 17) their Motion to Dismiss into a Motion for Summary Judgment, conceding that "the question of whether [Sanico] is an 'employer' for purposes of Title VII is a question related to the merits of Plaintiff's claims." (Doc. 17) at 2. Defendants reiterated their argument that the Defendant entities do not meet the definition of a single "employer" under the "integrated enterprise" test. *Id.* at 9-13 (citing *Lyes,* 166 F.3d at 1341). Defendants ask the Court to convert its Rule 12(b)(1) motion to dismiss into a Rule 56 motion for summary judgment. *Id.* at 3.

On January 21, 2019, Plaintiff filed a Response (Doc. 20) to Defendants' Motion to Convert (Doc. 17) arguing that, because the evidentiary record is undeveloped, it "cannot

2

present facts essential to justify its opposition" to Defendants' motion if converted to a motion for summary judgment. (Doc. 20) at 4 (quoting Fed. R. Civ. P. 56(d)). Plaintiff asks the Court to deny without prejudice Defendants' Motion and to allow discovery to proceed. *Id.* at 5. The undersigned turns first to Defendants' Motion to Dismiss pursuant to Rule 12(b)(1).

### III. MOTION TO DISMISS

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)[1]). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Menchaca*, 613 F.2d at 511).

"On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). "But when the attack is factual, 'the trial court may proceed as it never could under [Rule]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

12(b)(6) or [Rule] 56.'" *Id.* (quoting *Williamson*, 645 F.2d at 412-13). On a factual attack, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson*, 645 F.2d at 412-13.

A court should only rely on Rule 12(b)(1) "[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). If a jurisdictional challenge implicates the merits of the underlying claim, "the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the [motion] as a direct attack on the merits of the plaintiff's case. . . ." *Id.* (quoting *Williamson*, 645 F.2d at 415-16). However, where a jurisdictional question is "inextricably intertwined" with the merits of the case, the issue should be resolved under Rule 56. *Morrison*, 323 F.3d at 927 (citing *Lawrence*, 919 F.2d at 1529).

Here, because Defendants do not challenge the sufficiency of Plaintiff's Complaint but, rather, the existence of subject matter jurisdiction in fact, Defendants' attack in this case is factual. *See Myrick v. Dep't of Veterans Affairs*, 2017 WL 1074362, at *5 (M.D. Ala. Mar. 1, 2017); *see also Mack v. United States*, 2009 WL 3757522, at *1 (M.D. Ala. Nov. 9, 2009). However, Plaintiff argues—and Defendants concede—that "the question of whether [Sanico] is an 'employer' for purposes of Title VII is a question related to the merits of Plaintiff's claims." (Doc. 17) at 2. Indeed, Defendants' Motion to Dismiss challenges an essential element of Plaintiff's underlying claim. *Arbaugh*, 456 U.S. at 516;

4

*see also Faulkner v. Woods Transp., Inc.*, 174 F. App'x 525, 528 (11th Cir. 2006) ("Title VII's employee-numerosity requirement is an element of the plaintiff's claim.").

Because a determination of whether the Court has subject-matter jurisdiction hinges on whether Sanico is an "employer" under Title VII, that determination will, at the same time, effectively decide the merits of Plaintiff's claim. Where the jurisdictional issues are intertwined with the substantive merits, "the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733 (11th Cir. 1982) (quoting *Chatham Condominium Assocs. v. Century Village, Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979)). Therefore, undersigned concludes that it is necessary to convert Defendants' Motion to Dismiss (Doc. 7) to a Motion for Summary Judgment and, accordingly, Defendants' Motion to Convert Defendants' Motion to Dismiss into Motion for Summary Judgment (Doc. 17) is granted.

## IV. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Rule 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where

the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). The applicable substantive law identifies which facts are material. *Id*. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. *Id*. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 249-50.

In resolving a motion for summary judgment, the Court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002). But, the Court is bound only to draw those inferences that are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmovant must establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324 (holding that the nonmoving party is required to go beyond the pleadings and, by her own affidavits or by the record on file, designate specific facts showing there is a genuine issue).

**B. Discussion**

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322 (emphasis added). "[S]ummary judgment may only be decided upon an adequate record." *Snook v. Tr. Co. of Ga. Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988) (quoting *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988)). "[T]he party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to the consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997).

Here, the parties have not advanced beyond the pleading stage, so the record has not yet been developed. In order to determine whether nominally separate entities should be treated as an integrated enterprise, the Court would have to consider four criteria: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Lyes*, 166 F.3d at 1341 (quoting *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir. 1987)). To answer the question whether a reasonable jury could find that Defendants are, in fact, an "integrated enterprise" and subject to Title VII would require a significant inquiry into each entity's employment, financial, and business records—which is precisely the purpose of discovery. A "[p]laintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction." *Eaton*, 692 F.2d at 731. "[T]he rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction." *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980). Therefore, summary judgment at this stage would be premature.

7

## C. Jurisdictional Discovery

On removal from state court, "a district court's 'first' task is to 'determine whether it has original jurisdiction over the plaintiff's claims.'" *Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999)). A district court confronted with a factual challenge to is jurisdiction has an obligation to probe into and resolve any factual disputes which go to its power to adjudicate the matter. *Id.* "This is particularly true when jurisdictional facts are intertwined with the facts central to the merits of the complaint." *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). "[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery.'" *Id.* at 1341 (quoting *Eaton*, 692 F.2d at 729).

Here, in order to determine whether Defendants should be treated as an integrated enterprise under Title VII and, thereby subject to this Court's jurisdiction, Plaintiff will need to conduct discovery into Defendants' operations, management, and accounting practices. Accordingly, the Court concludes that it is necessary to conduct limited jurisdictional discovery into the integrated enterprise issue as a threshold matter.

## V. CONCLUSION

Accordingly, for the foregoing reasons, it is

ORDERED that Defendants' Motion to Convert Defendants' Motion to Dismiss (Doc. 7) into Motion for Summary Judgement (Doc. 17) is GRANTED. It is further

ORDERED that Plaintiff's Motion to Deny (Doc. 20) Defendants' Motion for Summary Judgment (Doc. 7) without prejudice is GRANTED. It is also

ORDERED that Plaintiffs are granted leave to conduct limited jurisdictional discovery into the four criteria identified above in order to determine whether Defendants should be treated as an integrated enterprise. Plaintiffs may serve interrogatories and requests for production on Defendants within ten days of this order. Discovery must be narrowly tailored to the jurisdictional issue, and the parties should work together in good faith in the coordination and completion of discovery. Plaintiffs shall file, **on or before September 16, 2019**, a supplemental memorandum with evidence and citation to authority explaining its position on the Court's jurisdiction to hear this matter. Defendants may file a Response **on or before September 23, 2019**.

Done this 5th day of August, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE