IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| HEATHER GILLILAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:18-CV-952-SMD |
| SANICO CLANTON, LLC, *et al.*, | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Supplemental Memorandum of Law on the Court's Jurisdiction to Hear Plaintiff's Title VII Claims (Doc. 22) and Defendant's Response to Plaintiff's Supplemental Memorandum of Law on the Court's Jurisdiction to Hear Plaintiff's Title VII Claims (Doc. 23). Previously, the Defendant moved for dismissal. (Doc. 7). This Court converted the motion to one for summary judgment and denied it, finding that the pleadings did not clearly establish this Court's subject-matter jurisdiction, and ordered the parties to report back after conducting limited jurisdictional discovery. (Doc. 21). After review, the undersigned construes the Defendant's Response as a renewed motion for partial summary judgment on Plaintiff's Title VII claims, and finds that the motion is due to be granted.[1]

## I. BACKGROUND

---

[1] The issues addressed in this memorandum opinion do not affect Plaintiff's claims brought under 42 U.S.C.A. § 1981, and those claims are unaffected by this partial summary judgment order.

On November 8, 2018, Plaintiff filed a Complaint (Doc. 1) against Defendants alleging three counts of retaliation and discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and two counts of retaliation and discrimination under 42 U.S.C. § 1981. *Id.* at 1. Plaintiff's claims arise from events that occurred while Plaintiff was employed as a garment folder at Defendant Sanico Clanton, LLC's ("Sanico") facility. *Id.* at 6. Plaintiff alleges Defendants, in aggregate, constitute a single "employer" under the "integrated enterprise" test and, hence, are subject to Title VII and its 15-employee threshold. *See Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999) (en banc) (adopting the NLRB's "single-employer" factor test for purposes of determining when to aggregate multiple entities for purposes of counting employees, which includes analysis of (1) the interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control). On December 6, 2018, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims because Defendants are three separate entities—not an integrated enterprise—and the one company Plaintiff worked for, Sanico, does not meet the statutory definition of "employer" under Title VII. (Doc. 7) at 5-11; *see also* Fed. R. Civ. P. 12(b)(1); 42 U.S.C. § 2000e(b).

On January 2, 2019, Plaintiff filed a Brief in Opposition (Doc. 16) to Defendants' Motion to Dismiss, arguing that Defendants' Motion was improperly brought under Rule 12(b)(1) because "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." (Doc. 16) at 5 (quoting

2

*Arbaugh v. Y&H Corp.*, 456 U.S. 500, 516 (2006)).  On January 9, 2019, Defendants filed a Motion to Convert (Doc. 17) their Motion to Dismiss into a Motion for Summary Judgment, conceding that "the question of whether [Sanico] is an 'employer' for purposes of Title VII is a question related to the merits of Plaintiff's claims."  (Doc. 17) at 2. Defendants reiterated their argument that the Defendant entities do not meet the definition of a single "employer" under the "integrated enterprise" test.  *Id.* at 9-13 (citing *Lyes,* 166 F.3d at 1341).

On January 21, 2019, Plaintiff filed a Response (Doc. 20) to Defendants' Motion to Convert (Doc. 17) arguing that, because the evidentiary record is undeveloped, it "cannot present facts essential to justify its opposition" to Defendants' motion if converted to a motion for summary judgment.  (Doc. 20) at 4 (quoting Fed. R. Civ. P. 56(d)).  Plaintiff asked the Court to deny without prejudice Defendants' Motion and to allow discovery to proceed.  *Id.* at 5.

On August 5, 2019, this Court issued an order finding that Defendants were indeed making a factual challenge to this Court's jurisdiction that required further development. However, the undersigned found that determination of this Court's subject-matter jurisdiction "will, at the same time, effectively decide the merits of Plaintiff's claims." (Doc. 21) at 5. Additionally, the undersigned found: "Where the jurisdictional issues are intertwined with the substantive merits, 'the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other.'" *Id.* Accordingly, this Court denied Defendants' Motion for Summary Judgment without prejudice and ordered the parties to conduct limited discovery. *Id.*

The undersigned directed the parties to conduct limited discovery to enable analysis of the four criteria that dictate whether the business should be viewed as an integrated enterprise under the *Lyes* analysis. The parties have done so and have included relevant findings in their memoranda. The undersigned will construe the Defendants' filing (Doc. 23) as a renewed motion for summary judgment and the Plaintiff's filing as the opposition thereto (Doc. 22). After review, and with the benefit of discovery, the Defendant's summary judgment motion is due to be granted with respect to Plaintiff's Title VII claims.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Rule 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). The applicable substantive law identifies which facts are material. *Id.* at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the

governing law. *Id*. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 249-50.

In resolving a motion for summary judgment, the Court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002). But, the Court is bound only to draw those inferences that are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmovant must establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324 (holding that the nonmoving party is required to go beyond the pleadings and, by her own affidavits or by the record on file, designate specific facts showing there is a genuine issue).

**B. Discussion**

After conducting their limited discovery, the parties seem to have little dispute over the facts governing this dispute. From both memoranda and respective exhibits, the undersigned can deduce the following about Sancio's business structure: Sanico is a small chain of businesses that rents various types of industrial cleaning supplies. (Doc. 23-1) at 3. Sanico has three locations in Gulfport, Mississippi; Lake, Mississippi; and Clanton, Alabama. *Id*. The three entities are incorporated separately, but are owned by the same individual, John Sandras. *Id.* at 2-4. The locations are managed separately and maintain

separate bank accounts, employees, customers, managers, and insurance carriers. *Id.* The managers at each branch make the bulk of the business decisions, such as hiring/firing, hours, and compensation (although Sandras retains ultimate firing authority by virtue of ownership). *Id.* The branches do not share inventory or expenses, nor do they transfer their assets and debts between each other. *Id.* at 5. However, they utilize the same employment policies. *Id.* at 4. In addition to their common ownership by Sandras, the companies share a common website. *Id.* at 5.

Since deciding *Lyes* en banc, the Eleventh Circuit has decided few other cases that undertake the four-factor analysis in appreciable detail, and the parties instead rely on a series of fact-specific orders by the district courts. Therefore, the undersigned will address the *Lyes* factors as articulated.

First, the Court considers the interrelation of Defendants' operation. Weighing in favor of interrelation are the facts that the stores utilize the same employment practices and share a common website and branding. *See, e.g., E.E.O.C. v. Dolphin Cruise Line, Inc.*, 945 F. Supp. 1550, 1553-54 (S.D. Fla. 1996) (finding that companies using each other's logos/letterheads was one factor favoring interrelation). Weighing against interrelation, however, is the fact that the stores do not share inventory, employees, customers, bank accounts, or financial obligations. (Docs. 7-1, 23-1). Plaintiff cites *Teague v. Beauty & More, Inc.* to suggest that a finding of interrelation is appropriate here. 2019 WL 361151 (M.D. Ala. January 10, 2019), *adopted by Teague v. Beauty & More, Inc.*, 2019 WL 361289 (M.D. Ala. January 29, 2019) (Watkins, J.). *Teague*, however, is distinguishable. In that case, several stores, located in nearby geographic proximity, shared contractors, payrolls,

accounting companies, and employees. *See also Thornton v. Mercantile Stores Co., Inc.*, 13 F. Supp. 2d 1282, 1291 (M.D. Ala. 1998) (relied upon by *Teague* and undertaking a detailed factual analysis to find interrelation when a parent and a subsidiary extensively shared resources and duties such as risk management, payroll, insurance services, and employees). Although the Sanico branches do share some operational aspects, the degree of interrelation falls far short of that found in *Teague* and *Thornton*, and accordingly, the first factor of the *Lyes* test weighs against a finding of an integrated enterprise. *See also Anderson v. Surgery Ctr. of Cullman, Inc.*, 2017 WL 6596611 at *4 (N.D. Ala. 2017) ("There is no evidence in the record of any of the seven indicia of interrelatedness: combined (1) accounting records; (2) bank accounts; (3) lines of credit; (4) payroll preparation; (5) switchboards; (6) telephone numbers; and (7) offices.")

Second, the Court considers centralized control of labor relations. Some courts accord this factor greater weight than others. *Thornton* at 1291 ("The second factor – whether there is centralized control of labor relations – is usually accorded greater weight than others."). As to this factor, *Teague* is similar, but not dispositive. Here, evidence demonstrates that, although Sanico's personnel decisions are normally made at the local level by its branch managers, decisions are ultimately subject to the control of owner John Sandras. (Doc. 23-1) at 3-4. This is partially akin to the scenario in *Teague*, where the shareholders frequently visited branches of the company and controlled the hiring of store managers, leading that court to find that labor relations were subject to centralized control. *Teague* at *2.

However, the *Teague* rationale is less straightforward than meets the eye. In *Cruz-Lovo v. Ryder Sys., Inc.*, the Southern District of Florida found that the labor relations prong weighed in favor of the defendant when there was *no* evidence of any centralized control of labor relations. 298 F. Supp. 2d 1248, 1254 (S.D. Fla. 2003). That court also noted: "'To satisfy the control prong, a parent must control the day-to-day employment decisions of the subsidiary.'" *Id.* (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1363 (10th Cir. 1993)). Likewise, in analyzing labor relations, the *Anderson* Court noted: "'The control required to meet the test of centralized control of labor relations is not potential control, but rather actual and active control of day-to-day labor practices.'" *Anderson*, 2017 WL 6596611 at *5 (N.D. Ala. 2017) (citing *Fike v. Gold Kist, Inc.*, 514 F. Supp. 722, 727 (N.D. Ala. 1981)).

These facts fall somewhere between the extremes of *Teague* and *Cruz-Lovo*/*Anderson*. Sandras appears to exercise less control than that of the *Teague* shareholders, but his control is also not entirely nonexistent as contemplated in *Cruz-Lovo*. Both *Cruz-Lovo* and *Anderson*, however, make clear that centralized control of labor is more than a *pro forma* requirement; instead, the employer must demonstrate some exercise of actual control. Because the bulk of Sanico's personnel decisions are made locally, but are subject to a minimal degree of ultimate oversight by Sandras, the undersigned finds that the second factor – centralized control of labor relations – does not clearly break for or against a finding of an integrated enterprise.

Third, the Court considers common management. "This factor looks to whether the various entities share common officers and common directors. However, '[w]hat is more important is whether any common officers translates into common management of the day-

to-day activities of each entity.'" *Anderson*, at *4 (N.D. Ala. 2017) (internal citations omitted).

Previous courts have also been willing to find common management when senior officials in one company hold senior management positions within the other. *See, e.g., Thornton v. Mercantile Stores Co., Inc.*, 13 F. Supp. 2d 1282, 1294 (N.D. Ala. 1998). In contrast, separate boards of directors and officers with little or no overlap will counsel against finding common management. *Fike v. Gold Kist, Inc.*, 514 F. Supp. 722, 727 (N.D. Ala. 1981). *See also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1364 (10th Cir. 1993) ("Defendant and Northwestern Bell have no common officers and have only one common manager, an officer of Defendant who manages the marketing operations for all three subsidiaries. . . . One common manager is insufficient to establish a disputed material fact under this prong of the integrated enterprise test.").

Here, common management is minimal. Unrebutted evidence by Sandras indicates that branch managers control the day-to-day activities of the branches. As Sandras attested, he has authority over each branch manager, but he does not oversee daily operations, compensation matters, or routine hiring/firing decisions. (Doc. 23-1). Instead, those decisions are made by branch managers who operate independently of each other. Thus, the undersigned finds that this factor weighs against a finding of an integrated enterprise.

Finally, the Court considers common ownership or financial control. This factor is much easier to analyze: Sandras admits to being a common owner of all three Sanico branches, and therefore, this factor weighs in favor of finding an integrated enterprise. (Doc. 7-1).

9

In the aggregate, the *Lyes* factor analysis counsels against finding an integrated enterprise for purposes of aggregation under Title VII. The first factor, interrelatedness of operations, breaks in Sanico's favor. The second factor, centrality of labor relations, which could be weighed more heavily than the others, does not weigh in either side's favor. The third factor, common management, also breaks in Sancio's favor. The fourth and final factor, common ownership, is the only one of the four to break in Plaintiff's favor.

Accordingly, the Court concludes that Sanico does not qualify as an integrated enterprise, and therefore, aggregating them for purposes of qualifying as an "employer" under Title VII is inappropriate. Because of this, Plaintiff's Title VII claims necessarily fail.

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED that Defendants' Response to Plaintiff's Supplemental Memorandum of Law on the Court's Jurisdiction to Hear Plaintiff's Title VII Claims (Doc. 23), which the Court construes as a Renewed Motion for Partial Summary Judgement, is GRANTED. Plaintiff's claims arising under Title VII of the Civil Rights Act are dismissed with prejudice.

Done this 4th day of November, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE